IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BECKY L. COATS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH, UTAH DEPARTMENT OF WORKFORCE SERVICES,<br><br>    Defendants. | **MEMORANDUM DECISION and ORDER DENYING MOTIONS TO APPOINT COUNSEL AND FOR SERVICE OF PROCESS**<br><br>Case No. 2:11-cv-755-DB-DN<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

  District Judge Dee Benson referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] In August 2011, Plaintiff Becky L. Coats filed a pro se civil rights complaint and paid the appropriate filing fee.[2] More recently, Coats filed a motion to appoint counsel and a motion for service of process.[3] For the reasons outlined below, the court DENIES the motions for appointment of counsel and service of process.

  Each motion Coats signed and filed, it states: "The court has already approved my [the plaintiff's] application to file the matter *in forma pauperis*."[4] However, this statement is not true. The court has not approved Coats *in forma pauperis* application. She paid the filing fee when filing her complaint. Accordingly, the court cannot grant her motions under the *in forma pauperis* provisions set out in 28 U.S.C § 1915.

---

[1] Order Referring Case, docket no. 4, filed Dec. 15, 2011.

[2] *See* Complaint, docket no. 1, filed Aug. 19, 2011.

[3] Motion to Appoint Counsel, docket no. 2, filed Dec. 14, 2011; Motion for Service of Process, docket no. 3, filed Dec. 14, 2011.

[4] *Id.*

Furthermore, as a civil litigant, Coats has no constitutional right to counsel.[5] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6] When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[7] In considering these factors and construing Coats's complaint liberally,[8] the court finds that (1) at this stage, it is uncertain whether Plaintiff has asserted a colorable claim; (2) based upon the complaint, the court finds that this case does not appear to involve complex factual or legal issues; and (3) Coats is not incapacitated or otherwise unable to adequately pursue this matter. Moreover, the court notes that Coats paid the filing fee for this case. Thus, it appears Coats has the resources to effect service of process on Defendants.

---

[5] *See Moomchi v. Univ. of N.M.*, no. 95-2140, 1995 WL 736292 *3 (10th Cir. Dec. 8, 1995) (unpublished); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996).

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (stating court must construe pro se pleadings liberally to a less stringent standard than those drafted by lawyers).

## ORDER

IT IS HEREBY ORDERED that the motion for appointment of counsel[9] is DENIED.

IT IS FURTHER ORDERED that the motion for service of process[10] is DENIED and Coats is directed to serve Defendants in a timely manner pursuant to the Federal Rules.

Dated this 19th day of December, 2011.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[9] Docket no. 2.

[10] Docket no. 3.