IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BECKY L. COATS,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF UTAH, UTAH DEPARTMENT OF WORKFORCE SERVICES,<br><br>        Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:11-CV-0755-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Pending before the Court[1] in Defendant's Motion to Dismiss with Prejudice. (ECF No. 9.) Plaintiff, Becky L. Coats, filed a complaint against the State of Utah Department of Workforce Services (DWS) for alleged violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. Defendant now moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1). Based on the Court's careful consideration of the parties' memoranda, it recommends the District Court GRANT Defendant's Motion to Dismiss with Prejudice because DWS, as an arm of the state, has immunity from suit pursuant to the Eleventh Amendment of the United States Constitution and has not waived that immunity in this case.

## DISCUSSION

Fed. R. Civ. P. 12(b)(1) provides that a court may dismiss a case for lack of subject matter jurisdiction, and "an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

---

[1] District Judge Dee Benson referred this case to Magistrate Judge David Nuffer pursuant to U.S.C. § 636(b)(1)(B). (ECF No. 4.) On May 21, 2012, this case was referred to the undersigned magistrate judge. (ECF No. 19.)

The Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Amendment bars suits for damages against a state in federal court absent a waiver of immunity by the state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). For a state to consent to suit, it must do so expressly and unequivocally. *V-1 Oil Co. v. Utah State Dept. of Pub. Safety*, 131 F.3d 1415, 1421 (10th Cir. 1997). Courts will find a waiver of Eleventh Amendment immunity "only where stated 'by the most express language or by such overwhelming implications from the text [of a state statutory or constitutional provision] as [will] leave no room for any other reasonable construction." *Id.* (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-40 (1985) (internal quotations omitted));  *see also Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1234-35 (10th Cir. 1999) (holding Utah waived the Eleventh Amendment by causing removal to federal court and litigating the merits of a 42 U.S.C. § 1983 action).

Here, Plaintiff contends that DWS has waived its Eleventh Ammendment immunity.[2] Specifically, Plaintiff argues that DWS has waived its immunity because: (1) it receives federal funds, (2) it has an equal opportunity plan for state employment consistent with the guidelines provided in federal equal employment opportunity laws, and (3) it has a work share agreement between the Utah Labor Commission and the U.S. Equal Employment Opportunity Commission. The Court addresses each argument in turn.

---

[2] In determining whether an entity qualifies for Eleventh Amendment immunity, the court considers whether the entity constitutes an "arm of the state." *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1253 (10th Cir. 2007). Neither party disputes that DWS qualifies as an arm of the state.

*1.) Receipt of Federal Funds*

The Supreme Court has held that a State does not waive its Eleventh Amendment immunity simply by receiving federal funds. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (stating "[t]he mere fact that a State participates in a program through which the Federal Government provides assistance" does not demonstrate a waiver); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 246-47 (1985) ("receipt of federal funds cannot establish that a State has consented to suit in federal court"), *superseded by statute*, 42 U.S.C. § 2000d-7.  The Court will only find a waiver of Eleventh Amendment immunity "where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'"  *Edelman*, 415 U.S. at 673 (citation omitted).  While DWS does receive federal funds under the Workforce Investment Act of 1998 and agrees to observe federal antidiscrimination laws, those facts "can hardly be deemed an express waiver of Eleventh Amendment immunity."  *Fl. Dept. of Health and Rehabilitative Servs. v. Fl. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981).  Thus, Ms. Coats's argument that DWS's receipt of federal funds waives its immunity to suit fails.

*2.) State Equal Opportunity Plan*

The State's equal employment opportunity plan requires the State's Department of Human Resources to adopt an equal employment opportunity plan consistent with federal employment law, but it neither implies nor contains statements that the State waives its Eleventh Amendment immunity.  *See* Utah Code Ann. § 67-19-6.3.  Neither receipt of federal funds, participation in a federal program, nor agreement to recognize and abide by federal laws, regulations, and guidelines waives Eleventh Amendment immunity.  *Florida Nursing Home*

*Ass'n*, 450 U.S. at 150; *Edelman* 415 U.S. at 673-74 (holding that neither participation in a federal program nor provision requiring compliance with federal law establishes that the state consented to be sued in federal court).  Again, a commitment to abide by federal antidiscrimination laws does not waive Eleventh Amendment immunity.

3.) <u>Work Share Agreement between the Utah Labor Commission & the Equal Employment Opportunity Commission</u>

  Plaintiff argues that DWF waived its Eleventh Amendment immunity because the Utah Division of Antidiscrimination and Labor Division (UALD) transfers some charges of discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").  Utah Code section 34A-5-107(1)(d) provides that the UALD may transfer a charge of discrimination to the EEOC, but consent to transfer *administrative* charges to the EEOC does not constitute to consent to federal court proceedings.  A state's participation in EEOC proceedings "is not a voluntary invocation of federal court jurisdiction."  *Smith v. Kansas,* 574 F. Supp. 2d 1217, 1220 (D. Kan. 2008); *see also McGinty v. New York*, 251 F.3d 84, 93-94 (2d Cir. 2001) (state did not waive immunity by voluntarily participating in EEOC proceedings).  Moreover, Utah's Antidiscrimination Act does not contain an Eleventh Amendment waiver.  *See* Utah Code Ann. §§ 34A-5-101-108.

  Consequently, because the State has not waived its Eleventh Amendment immunity by "express and unequivocal" language as to "leave no room for any other reasonable construction" that it consents to suit, the Eleventh Amendment immunity bars Plaintiff's ADEA claims against the State.  See *V-1 Oil*, 131 F.3d at 1421.

## **RECOMMENDATION**

For the reasons stated above, this Court RECOMMENDS that the District Court GRANT the Motion to Dismiss with Prejudice. The Court will mail copies of the foregoing report and recommendation to the parties hereby notifying them of their right to object to the same. The Court further notifies the parties that they must file any objections to the report and recommendation with the clerk of the district court, pursuant to 28 U.S.C. section 636(b); Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

The Court additionally recommends dismissing the following motions as moot based on its recommendation to dismiss the case: 14, 22, 24.

DATED this 25th day of March, 2013.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge